UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Silvestri

    v.                                                               Civil No. 21-cv-207-LM
                                                                Opinion No. 2022 DNH 058 P

United States of America

**O R D E R**

In June 2018, Richard Silvestri pled guilty without a plea agreement to two counts of sexual exploitation of children. See 18 U.S.C. § 2251(a). In December 2018, this court sentenced him to a below-guidelines sentence of 600 months' imprisonment. See United States v. Silvestri, 18-cr-4-LM (Dec. 4, 2018) (doc. nos. 29, 33). The First Circuit affirmed his sentence on appeal. United States v. Silvestri, No. 19-1022, 2019 WL 11725424, at *2 (1st Cir. Oct. 8, 2019).

Silvestri now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was constitutionally ineffective. The government objects. On April 5, 2022, the court held an evidentiary hearing. For the following reasons, the court denies Silvestri's petition.

**LEGAL STANDARD**

Under § 2255, a federal prisoner may seek to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The petitioner bears the burden of showing he is entitled to relief. Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015).

## BACKGROUND

On December 2, 2017, a user of the instant messaging application "Kik Messenger" ("User A") contacted an undercover FBI officer. User A and the undercover officer spoke via instant message over the course of the next week. User A stated he had recordings of himself and another Kik user ("User B") engaging in sexually explicit conduct with User B's eight-year-old daughter. User B was later confirmed to be Silvestri.

User A sent the undercover officer an image depicting an adult man holding his penis inches away from an approximately eight-year-old girl while she lay on a bed. The girl was later identified as Silvestri's daughter, S.S.

On December 13, 2017, law enforcement obtained subscriber information for User B. The undercover officer then engaged User B in conversation over Kik Messenger. During those conversations, User B admitted that he engaged in sexually explicit conduct with his eight-year-old daughter. He stated that his daughter had autism and that she seemed to enjoy engaging in sexually explicit conduct with him.[1] User B further stated that he sent a recording and photographs to User A. User B also admitted that he previously engaged in similar conduct with his fifteen-year-old daughter when she was five years old.

---

[1] S.S.'s speech pathologist subsequently informed law enforcement that her autism is so severe that she cannot speak.

2

Law enforcement traced User B's account to Silvestri and arrested Silvestri that same day. Silvestri submitted to an interview after his arrest, during which he admitted that he sexually exploited his daughter and distributed child pornography. He stated that he had been exchanging child pornography with others online for five to ten years. He stated that he used his cellphone to view and send images of child pornography, and that his cellphone contained images and videos of him sexually abusing S.S. He stated that he sexually abused S.S. on a weekly basis.

A subsequent forensic examination of Silvestri's cellphone revealed 27 videos and 11 images of him engaging in sexually explicit conduct with S.S. One video indicated it had been created approximately a week before Silvestri's arrest. Another indicated it was created approximately a week and a half before his arrest.

On December 14, 2017, the government filed a criminal complaint charging Silvestri with production of child pornography in violation of 18 U.S.C. § 2251(a). Silvestri made his initial appearance that same day, and he stipulated to detention.

In January 2018, a grand jury charged Silvestri with two counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a). The two most recent cellphone videos of Silvestri abusing S.S. formed the bases of these two counts.

In June 2018, Silvestri pled guilty to both counts of the indictment. Silvestri's pleas were not entered pursuant to a plea agreement.

The presentence report ("PSR") calculated Silvestri's total offense level to be 43 and his criminal history category to be I, which resulted in a guideline imprisonment range of life in prison. However, because the statutory maximum

sentence for each count was thirty years (i.e., 360 months), the PSR calculated Silvestri's guideline sentence to be 720 months. In their respective sentencing memoranda, the government advocated for a 720-month sentence and Silvestri advocated for a 240-month sentence.

At Silvestri's sentencing hearing in December 2018, the court calculated Silvestri's guideline sentence to be 720 months. The court varied downwards to impose a sentence of 300 months on each count, to be served consecutively, for a total sentence of 600 months.

Silvestri appealed his sentence to the First Circuit, arguing that it was both procedurally and substantively unreasonable. See Silvestri, 2019 WL 11725424, at *1. The First Circuit rejected both arguments and affirmed his sentence. See id. He then petitioned the United States Supreme Court for a writ of certiorari, and the Court denied his petition. See Silvestri v. United States, 140 S. Ct. 1545 (Mem.) (2020).

Silvestri filed this § 2255 petition on March 8, 2021.

## DISCUSSION

Silvestri argues that his counsel was ineffective for three reasons: (1) counsel allegedly failed to advise Silvestri that he could receive consecutive sentences, (2) he did not argue that a sentence of 600 months was cruel and unusual in violation of the Eighth Amendment, and (3) he failed to provide the court with citations to cases where similarly culpable offenders received shorter sentences.

4

"Criminal defendants are 'entitled to effective assistance of competent counsel' before deciding whether to plead guilty." Parsley v. United States, 604 F.3d 667, 671 (1st Cir. 2010) (quoting Padilla v. Kentucky, 559 U.S. 356, 364 (2010)). When a § 2255 petition is based on ineffective assistance of counsel, the petitioner "must demonstrate both: (1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'" United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). To demonstrate that counsel's performance was deficient, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To demonstrate prejudice on a claim of ineffective assistance in connection with submitting a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to

substantiate a defendant's expressed preferences." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). Failure to satisfy either the deficiency or prejudice prong defeats an ineffective assistance claim. Strickland, 466 U.S. at 700.

I.     Failing to advise Silvestri of possible sentences

Silvestri first argues that his counsel was ineffective for failing to advise him of the possibility that if he pled guilty, he could receive consecutive sentences on the two counts. The evidence the court heard at the evidentiary hearing does not bear this out.

Silvestri was represented by Attorney Charles Keefe, an experienced criminal defense attorney. Keefe testified that he remembered this case well because it was the longest sentence a client of his had ever received. Keefe testified that prior to the change of plea hearing, the government's offer was 720 months, the statutory maximum (which amounts to 360 months on both counts, consecutive). Keefe stated that he presented the government's position to Silvestri.

Keefe testified that he advised Silvestri that the sentences on the two counts could run consecutively. He testified that he told Silvestri that "it was possible that the judge could impose consecutive sentences." Keefe stated this conversation would have occurred during his January or March 2018 visit to Silvestri at the Strafford County House of Corrections, ahead of the June 2018 change of plea hearing. Next, at the plea hearing, the court told Silvestri that "the possible maximum penalty for each count is 30 years in prison." Doc. no. 2-2 at 13. Then,

6

prior to sentencing, Silvestri received the PSR, which stated that the guideline imprisonment range was 720 months.[2]  See 18-cr-4, ECF no. 20 at 14-15.  Keefe went over the PSR with Silvestri between the change of plea hearing and the sentencing hearing, and Silvestri made no attempts during that window to withdraw his plea.

Based on this evidence, the court finds that Keefe advised Silvestri of the possibility of consecutive sentences.  Keefe credibly testified that he properly advised Silvestri of this possibility, and the progression of the case corroborates that assertion.  At the outset, Keefe informed Silvestri of the government's offer of 720 months—which would have put Silvestri on notice that consecutive sentences were a possibility under the law.  At the change of plea hearing, the court stated that the maximum sentence on each count was 30 years—not that Silvestri only faced 30 years total.  Moreover, after the change of plea hearing, Keefe went over the PSR with Silvestri, which similarly stated that the guideline range was 720 months—the statutory maximum.  Yet even at that point, Silvestri made no attempt to withdraw his plea.

Against this conclusion, Silvestri argues that Keefe did not tell him that he could receive consecutive sentences and "in fact stated 240 months was the most he would get using an open plea in lieu of trial." Doc. no. 2 at 5.  But at the hearing, Silvestri contradicted himself.  On direct examination, he testified that he "thought

---

[2] Considering Silvestri's total offense level and criminal history category, the guideline range was a life sentence.  That was reduced to 720 months, the maximum allowed by statute.  See 18-cr-4, ECF no. 20 at 14-15; 18 U.S.C. § 2251(a).

7

[he] was getting the max of 30 [years]." Yet on cross, he testified that Keefe told him that his maximum exposure could be up to 60 years. Even Silvestri's attorney acknowledged that Silvestri seemed to be stating two different things. Against the strong evidence of Keefe's credible testimony and the progression of the case, the court does not put much stock in Silvestri's testimony. In short, the court finds that Keefe appropriately advised Silvestri of the possibility of consecutive sentences, and therefore Keefe's performance was not deficient.

Moreover, even if Keefe was deficient, Silvestri has failed to demonstrate that he was prejudiced. See Strickland, 466 U.S. at 700 (failure to satisfy either the deficiency prong or the prejudice prong defeats an ineffective assistance claim). As noted, to establish prejudice, Silvestri must demonstrate a reasonable probability that, had he known he could receive consecutive sentences, he would not have pled guilty and instead would have gone to trial. See Hill, 474 U.S. at 59. Silvestri fails to make that showing.

First, there is no evidence that Silvestri ever considered going to trial. At Silvestri's sentencing hearing, Keefe stated that "never once was the idea of a trial something Mr. Silvestri ever considered." Doc. no. 2-3 at 28. Keefe noted that as soon as Silvestri was caught, he was incredibly cooperative with law enforcement, and "almost [threw] up a confession." Id. Moreover, even had Silvestri elected to go to trial, the government's case against him was overwhelming. At the evidentiary hearing on this petition, Keefe testified that Silvestri was in a "no-win" situation: there were no suppression issues, the facts were "very bad," the government did not

8

even need the victim's testimony to prove its case, and the evidence included a statement from Silvestri and videos found on his phone. Finally, Silvestri's statements at the change of plea hearing indicate that he pled guilty because he was guilty. See Lee, 137 S. Ct. at 1967 (stating that "contemporaneous evidence" of the defendant's "expressed preferences" for pleading guilty are far more relevant than "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies"). In sum, Silvestri makes no showing of prejudice and thus his consecutive sentences argument fails for that reason as well.

II.     Eighth Amendment

Next, Silvestri argues that his counsel was ineffective for failing to argue that a 600-month sentence constituted cruel and unusual punishment. As with all claims of ineffective assistance, Silvestri must show that counsel's failure to raise this argument was deficient and that the deficiency prejudiced him. See Strickland, 466 U.S. at 687.

When confronted with an Eighth Amendment challenge to a sentence, a court considers three criteria: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." United States v. Polk, 546 F.3d 74, 76 (1st Cir. 2008) (quoting Solem v. Helm, 463 U.S. 277, 292 (1983)). The court reaches the latter two criteria only if it "can first establish that the sentence, on its face, is grossly disproportionate to the crime."

United States v. Rivera-Ruperto, 852 F.3d 1, 16 (1st Cir. 2017). The First Circuit has repeatedly emphasized that instances of gross disproportionality are rare. See e.g., Polk, 546 F.3d at 76.

Silvestri argues that his sentence is disproportionate because he is a "49-year-old first[-time] offender whose own background of abuse significantly affected his conduct in the instance offense." Doc. no. 2 at 9. His argument ignores the gravity of his offenses. Characterizing him as a first-time offender is disingenuous. Although this case represents his first conviction, Silvestri confessed to engaging with sexual contact with S.S.—his eight-year-old, severely autistic, nonverbal daughter—on a weekly basis. His cell phone contained 27 videos of this conduct. He even told the undercover officer that S.S. "enjoy[ed]" the abuse. What's more, Silvestri also admitted to engaging in the same conduct with his older daughter years before when she was only five.

Nor does Silvestri's history of abuse render his sentence disproportionate. At sentencing, the court stated that in some instances it finds a defendant's own sexual abuse to be a mitigating factor—such as where the defendant only possesses child pornography and does not act on any impulses—but given the unique facts of Silvestri's case, the court found that his history of abuse was not particularly mitigating. The First Circuit affirmed this decision on direct appeal. Silvestri, 2019 WL 11725424, at *2. In sum, Silvestri fails to show that his sentence is grossly disproportionate.

Because Silvestri has not shown that there was merit to the Eighth Amendment argument, he has also failed to demonstrate that counsel was deficient in failing to raise it or that that failure prejudiced him.³  See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (failing to raise meritless claims does not constitute ineffective assistance of counsel).  Therefore, his ineffective assistance Eighth Amendment claim fails.  See Strickland, 466 U.S. at 687; Acha, 910 F.2d at 32.

III. Comparative sentencing

Finally, Silvestri argues that his counsel was ineffective for failing to provide the court with citations to cases where offenders who engaged in similar conduct received lesser sentences.  The government counters that counsel's failure to highlight comparative sentencing considerations did not prejudice Silvestri because cases involving facts analogous to Silvestri's—the sexual abuse of children for a decade or more—result in sentences similar to or more severe than 600 months.  The court agrees with the government.  Silvestri's sentence is in line with similar cases.  See e.g., United States v. Goergen, 683 F.3d 1, 2-6 (1st Cir. 2012) (upholding 720-month sentence for 47-year-old man who pled guilty to four counts of sexual exploitation of children where, over a period of several years, he produced pictures and videos of three minor girls engaged in sexually explicit activities) (collecting cases upholding similar sentences for similar conduct); see also United States v.

---

³ Keefe testified that he did not raise the challenge precisely because he viewed it as meritless.

11

Ruiz-Huerta, 792 F.3d 223, 229 (1st Cir. 2015) (upholding 600-month sentence for 60-year-old man who engaged in various types of sexually explicit conduct with girls ages 9 to 16, one of whom suffered from a mental disability).  Counsel's failure to argue that comparative sentencing considerations supported a lower sentence was neither deficient nor prejudicial.  See Acha, F.2d at 32.

## CONCLUSION

For the foregoing reasons, Silvestri's § 2255 petition (doc. no. 1) is denied.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 4, 2022

cc:  Counsel of Record